**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BIDYA SAGAR PRADHAN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-75229<br><br>Agency No. A099-763-872<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 16, 2013
San Francisco, California

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Bidya Sagar Pradhan petitions for review from the Board of Immigration

Appeals' denial of his claims for asylum, withholding of removal, and protection

under the Convention Against Torture (CAT). We grant the petition in part, deny

it in part, and remand for further proceedings. Because the parties are familiar with

the history of this case, we need not recount it here.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Substantial evidence does not support the determination of the immigration judge (IJ) that Pradhan's political opinion was not a "central reason" for his persecution. *See* 8 U.S.C. § 1158(b)(1)(B)(i). Though the IJ stated that the Maoists never referenced Pradhan's political affiliation, Pradhan testified that a Maoist leader told him the Maoists targeted Pradhan "since you are a businessman and you are that Nepali Congress supporter. . . ." In light of this direct evidence of his persecutors' motives, which the IJ did not address, and other evidence in the record, any reasonable factfinder would conclude that Pradhan's political opinion was one central reason for his persecution. Pradhan's testimony demonstrates the Maoists would not have targeted Pradhan but for his political opinion, which satisfies the "one central reason" standard. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("[A] motive is a 'central reason' if the persecutor would not have harmed the applicant if such motive did not exist."). Therefore, we grant the petition and remand for the Board and IJ to consider the other requirements for asylum and withholding.

Substantial evidence supports the agency's conclusion that petitioner is not entitled to CAT relief, even though the IJ erred in her nexus analysis as to that claim.

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED.**

2

**Costs awarded to the petitioners.**